# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.      9:19-CV-80831

HAROULA LARMER,
Individually and on behalf of
all others similarly situated,
       Plaintiff(s),       CLASS REPRESENTATION

vs.

GLOBAL MEDIATION GROUP, LLC,
       Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, HAROULA LARMER (hereinafter "Plaintiff"), by and through her undersigned attorney, individually and on behalf of all others similarly situated, files this Complaint and sues the Defendant, GLOBAL MEDIATION GROUP, LLC, a FOREIGN LIMITED LIABILITY COMPANY, (hereinafter referred to as the "Defendant" or "GLOBAL"), for damages and temporary and permanent injunctive relief and other relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and in support thereof alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      The Court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the Constitution, laws, or treatises of the United States, to wit: the FDCPA, 15 U.S.C. §1692.  The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367(a), as the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District and its infliction of injury on Plaintiff in the State of Florida.  This is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

3.      This is an action for damages and other relief for violation of the FDCPA 15 USC §1692, et seq.

4.      At all times material hereto, the Plaintiff is a resident of Palm Beach County, Florida, and is sui juris.

5.      At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA in that she is a natural person obligated or allegedly obligated to pay a consumer debt.

6.      At all times material hereto, the Defendant is a debt collector within the meaning of the FDCPA in that: the Defendant has used instrumentalities of interstate commerce such as the telephone, mail or the internet in their business the principal purpose of which is the collection of debts; the Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; the Defendant represents themselves to be a debt collector in advertisements; and, the Defendant is a holder of a State of Florida debt collector's license.

7.      At all times material hereto, the debt the Defendant was attempting to collect was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. § 1692a(5), to wit: a consumer credit card.

8.      At all material times:

   a.      The Defendant regularly collects or attempts to collect, directly or indirectly, many consumer debts against many consumers, including the Plaintiff, that are due another.

   b.      The consumer debts the Defendant attempts to collect are in default at the time the Defendant receives the debts and attempts to collect said debts.

   c.      These other entities for whom the Defendant regularly collects or attempts to collect debts for are creditors of consumer debtors, including the Plaintiff.

   d.      The Defendant is not the original creditor of the Plaintiff's debt and is not the

owner of the Plaintiff's debt.

e.      The Defendant used the telephone in their attempt to collect consumer debts allegedly owed by the Plaintiff by sending recorded telephonic debt collection demands to the Plaintiff and/or the Plaintiff's counsel.

f.      The Defendant specifically advertises:

1. Our debt resolution specialists have well over 100 years of combined experience in debt mediation.
2. We have a long history of results that all parties can live with.
3. Specializing in the recovery of bad debt at any level of delinquency.
4. We have over 20 years of proven performance in maintaining one of the best liquidation rates in the industry while at the same time keeping the most aggressive unit yields in our field.
5. A privately owned company, we concentrate on the retention of our employees by providing a work atmosphere that is second to none and building on our associate's tenure to lay a strong foundation of knowledge and efficiency to our client's portfolios.
6. Our goal at Global Mediation Group is to provide a truly unique mix of services for our clients who rank among the largest corporations in the world of finance.

g.      Based upon the Defendant's own representations, it is believed they collect debts against hundreds or even thousands of other consumer debtors on a regular basis.

h.      The Defendant has officers, directors, employees, and/or other persons trained in debt collection practices and procedures on the staff of their business and they utilize scripts and recordings created specifically for debt collection in their debt collection activities.

i.      The instances of consumer debt collection activity performed by the Defendant is numerous, frequent, orderly, recurring, uniform, and performed at normal intervals as routinely requested by clients pursuant to established client relationships to a sufficient degree to qualify as "regular" pursuant to the FDCPA.

9.      The Plaintiff has retained the undersigned law firm to represent her in these proceedings pursuant to a fee agreement.

10. Pursuant to the FDCPA 15 USC §1692(k)(3), if the Plaintiff is successful in enforcing liability under the Act, the Plaintiff is entitled to and requests that the Court award her reasonable attorney's fees and costs incurred.

11. All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

12. The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this case as a class action pursuant to Rule 23, Fed.R.Civ.P.

14. **There are questions of law and fact common to each class, which common issues predominate over any issues peculiar to individual class members. The principal common questions include:**

   a. Message 1

**Hello. This is Charles Costa with Global Mediation Group. I am giving you a call because we have now sent you correspondence and attempted to contact you on a matter involving your name and social security number, but have received no response from either yourself or representing counsel regarding this matter. We have decided to reach out to you one last time to give you a final opportunity to be compliant and to give your statement of intent to our office. Please be advised that if we do not hear back from you today, I will no longer be able to assist you on a voluntary resolution. So please, contact the office immediately at 1-833-808-0985. Again that is 1-833-808-0985. Thank-you and good day.**

   1. Whether GLOBAL violated §1692e(2)(B) by falsely representing their services rendered by using the name GLOBAL MEDIATION GROUP when communicating with debtors and not divulging they are actually debt collectors and not mediators.

   2. Whether GLOBAL violated §1692e(2)(B) by falsely representing their services rendered by claiming to be mediators when communicating with debtors and not divulging they are actually debt collectors and not mediators.

   3. Whether GLOBAL violated §1692e(10) by using false, deceptive, or misleading representation or means to collect or attempt to collect any debt or to obtain information concerning a consumer by lying to debtors and representing that each call to the debtor was the "final" communication and the debtor's "final opportunity" and that the debtor had to be "compliant" with the Defendant's demands and that the Defendant was trying to "assist" the debtor "voluntary resolution" when, in fact, none of those representations were true.

   4. Whether GLOBAL violated §1692e(11) by failing to disclose in the initial oral communication with the consumer that the debt collector is

attempting to collect a debt and that any information obtained will be used for that purpose.

5.　　Whether GLOBAL violated §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

6.　　Whether GLOBAL violated §1692g by not providing the debtor with the written disclosures required by §1692g:

(1)　　the amount of the debt;

(2)　　the name of the creditor to whom the debt is owed;

(3)　　a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)　　a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)　　a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.　　Message 2:

**This is a final courtesy call from Global Mediation Group.  We have now been forced to report that you have been uncooperative in the findings against you.  If we do not hear either yourself or representing counsel today, we will unfortunately be left with no recourse, other than reporting your non-compliance in this issue to our client for further proceedings.  Our phone number here is 1-833-808-0985.  Again you would need to reach us at 1-833-808-0985.  Thank-you and have a great day.**

1.　　Whether GLOBAL violated §1692e(2)(B) by falsely representing their services rendered by using the name GLOBAL MEDIATION GROUP when communicating with debtors and not divulging they are actually debt collectors and not mediators.

2.　　Whether GLOBAL violated §1692e(2)(B) by falsely representing their services rendered by claiming to be mediators when communicating with debtors and not divulging they are actually debt collectors and not mediators.

3.　　Whether GLOBAL violated §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken by falsely representing that legal action had been taken against the debtor and "findings" made against the debtor's interests that the debtor could not dispute, or that the debtor was forced to contact the Defendant to dispute; that there will definitely

be further "proceedings" against the debtor; and, that the debtor "needs" to call them personally thereby discouraging or prohibiting the debtor from contacting an attorney for help.

4.     Whether GLOBAL violated §1692e(11) by failing to disclose in the initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

5.     Whether GLOBAL violated §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

6.     Whether GLOBAL violated §1692g by not providing the debtor with the written disclosures required by §1692g:

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15.     **(i) Approximate Number of Class Members:     The members of the class are so numerous that separate joinder of each member is impracticable.     The approximate number of class members is unknown but is reasonably expected to be in the hundreds if not thousands.**

16.     **GLOBAL MEDIATION GROUP, LLC**, is a debt resolution specialist having well over 100 years of combined experience in debt mediation.  They have a long history of results that all parties can live with.  They specialize in the recovery of bad debt at any level of delinquency.  They have over 20 years of proven performance in maintaining one of the best liquidation rates in the industry while at the same time keeping the most aggressive unit yields in our field.  They are a privately owned company, they concentrate on the retention of our employees by providing a work atmosphere that is second to none and building on their associate's tenure to lay a strong foundation of knowledge and efficiency to client's portfolios.  Their goal at Global Mediation Group is to provide a truly unique mix of services for clients who rank among the largest corporations in the world of finance.

17.    <u>**(ii) Definition of the Alleged Class:**</u> **There are two (2) classes and they are defined as follows:**

    a.    The First Class (the "MESSAGE 1 Class") consists of all persons who satisfy the following criteria.

        (i)    Persons within the United States;

        (ii)    Whom received a recorded telephone call substantially similar to Message 1 from Defendant GLOBAL in an attempt to collect a consumer debt; and,

        (iii)    During the one year period prior to the filing of the complaint in this action.

    b.    The Second Class (the "MESSAGE 2 Class") consists of all persons who satisfy the following criteria.

        (i)    Persons within the United States;

        (ii)    Whom received a recorded telephone call substantially similar to Message 2 from Defendant GLOBAL in an attempt to collect a consumer debt; and,

        (iii)    During the one year period prior to the filing of the complaint in this action.

18.    <u>**(iii) The Representative Party Will Fairly and Adequately Protect and Represent the Interests of Each Member of the Class:**</u>        **The Plaintiff will fairly and adequately represent the interests of the class members.**

19.    The Plaintiff has retained counsel experienced in prosecuting consumer protection matters and there is no reason why Plaintiff and his counsel will not vigorously pursue this matter.

20.    **(b)(1)(A)      The prosecution of separate claims or defenses by or against individual members of the class would create a risk of inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class.**

21.    **(b)(1)(B)      Adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.**

22.    **(b)(2)      The Defendants have acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or an award of damages concerning the class as a whole appropriate.  Plaintiff's claims are typical of the claims of all of the members of all Classes who were the subject of improper debt collection activities and communications from the Defendant in violation of the law.  The Defendant has acted on grounds which are generally applicable to the Classes, in that they have acted in a uniform manner with respect to all members of the Classes.  The Plaintiff and the members of the Classes have sustained similar damages and violations of their rights as a result of the actions of the Defendant and are requesting similar relief.**

23.   **(b)(3)        The questions of law or fact common to the claims of the representative party and the claims of each member of the class predominate over any question of law or fact affecting only individual members of the Classes, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.  The principal common questions include:**

1.   Whether Message 1 from **GLOBAL** as described herein was a false, deceptive, or misleading representations or means in connection with the collection of debts and/or whether GLOBAL used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692, including but not limited to: §1692e(2)(B), §1692e(10), §1692e(11), and §1692g.

2.   Whether Message 2 from **GLOBAL** as described herein was a false, deceptive, or misleading representations or means in connection with the collection of debts and/or whether GLOBAL used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692, including but not limited to: §1692e(2)(B), §1692e(5), §1692e(10), §1692e(11), and §1692g.

## COUNT I            VIOLATION OF THE FDCPA

24.   Plaintiff readopts and realleges allegations 1 through 23, inclusive, as if fully set forth herein.

25.   In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant GLOBAL for violation of FDCPA 15 USC §1692.  The Defendant violated the FDCPA 15 USC §1692 based upon the standard of the least sophisticated consumer in the following ways:

26.   The Defendant's initial communication with the Plaintiff was an oral communication on the telephone with the Plaintiff and/or Plaintiff's counsel in February 2019.

27.   The Defendant placed collection calls to the Plaintiff and/or the Plaintiff's counsel on several occasions, including but not limited to:
1.   February 13, 2019
2.   February 20, 2019
3.   February 27, 2019
4.   March 11, 2019
5.   March 13, 2019
6.   March 21, 2019
7.   March 27, 2019
8.   April 1, 2019
9.   April 16, 2019
10.  April 25, 2019
11.  May 6, 2019
12.  May 13, 2019
13.  May 22, 2019
14.  May 30, 2019

28.     The Plaintiff heard most if not all of the calls listed above.

29.     The calls consisted of one of two recorded messages.  Both messages are transcribed herein.

**<u>Message 1</u>**

**Hello.  This is Charles Costa with Global Mediation Group.  I am giving you a call because we have now sent you correspondence and attempted to contact you on a matter involving your name and social security number, but have received no response from either yourself or representing counsel regarding this matter.  We have decided to reach out to you one last time to give you a final opportunity to be compliant and to give your statement of intent to our office.  Please be advised that if we do not hear back from you today, I will no longer be able to assist you on a voluntary resolution.  So please, contact the office immediately at 1-833-808-0985.  Again that is 1-833-808-0985.  Thank-you and good day.**

30.     Message 1 violated the FDCPA 15 USC §1692 as follows:

1.      §1692e(2)(B) The false representation of (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

Message 1 falsely represented the services rendered by Global Mediation Group as a mediation firm whose name is an affirmative declaration that the Defendant is not actually a debt collector but is a mediator.  However, the Defendant is a debt collector.  And, the Defendant is not a mediator as the least sophisticated consumer would understand a mediator to be an impartial go-between who does not represent either party or actively solicit on anyone's behalf but is chosen by both parties to reach a voluntary and amicable settlement of an issue.

2.      §1692e(10)   The use of any false, deceptive, or misleading representation or means to collect or attempt to collect any debt or to obtain information concerning a consumer..

Message 1 was a false, deceptive, or misleading representation or means to collect or attempt to collect a debt in that the Defendant represented that this was the Plaintiff's "final" communication and the Plaintiff's "final opportunity" and that the Plaintiff had to be "compliant" with the Defendant's demands and that the Defendant was trying to "assist" the Plaintiff in a "voluntary resolution" when, in fact: the Defendant called for the Plaintiff to collect this debt many more times; the Plaintiff is not required to be "compliant" with the debt collector's demands; and, the debt collector was not trying to assist the Plaintiff on a voluntary resolution but was an adversarial debt collector trying to collect a debt.

Message 1 falsely represented the services rendered by Global Mediation Group as a mediation firm whose name is an affirmative declaration that the Defendant is not actually a debt collector but is a mediator.  However, the Defendant is a debt collector.  And, the Defendant is not a mediator as the least sophisticated consumer would understand a mediator to be an impartial go-between who does not represent either party or actively solicit on anyone's behalf but is chosen by both parties to reach a voluntary and amicable settlement of an issue.

3.      §1692e(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Message 1 did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

4.      §1692g
(a)      Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
(1)      the amount of the debt;
(2)      the name of the creditor to whom the debt is owed;
(3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Message 1 was not followed with a written notice containing the disclosures required by §1692g.

**Message 2**

**This is a final courtesy call from Global Mediation Group.  We have now been forced to report that you have been uncooperative in the findings against you.  If we do not hear either yourself or representing counsel today, we will unfortunately be left with no recourse, other than reporting your non-compliance in this issue to our client for further proceedings.  Our phone number here is 1-833-808-0985.  Again you would need to reach us at 1-833-808-0985.  Thank-you and have a great day.**

31.    This message violated the FDCPA 15 USC §1692 as follows:

    1.    §1692e(2)(B) The false representation of (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

        Message 2 falsely represented the services rendered by Global Mediation Group as a mediation firm whose name is an affirmative declaration that the Defendant is not actually a debt collector but is a mediator.  However, the Defendant is a debt collector.  And, the Defendant is not a mediator as the consumer would understand a mediator to be an impartial go-between who does not represent either party or actively solicit on anyone's behalf but is chosen by both parties to reach a voluntary and amicable settlement of an issue.

    2.    §1692e(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

        Message 2 falsely represented that legal action had already been taken against the Plaintiff and "findings" made against her interests that she could not dispute, or that she was forced to contact the Defendant to dispute; that there will definitely be further "proceedings" against the Plaintiff; and, that the Plaintiff "needs" to call them personally thereby discouraging or prohibiting the debtor from contacting an attorney for help.

    3.    §1692e(10)     The use of any false, deceptive, or misleading representation or means to collect or attempt to collect any debt or to obtain information concerning a consumer..

        Message 2 was a false, deceptive, or misleading representation or means to collect or attempt to collect a debt in that the Defendant represented that this was the Plaintiff's "final" call when it was not; that there has been some type of legal proceeding wherein there were "findings against you (the Plaintiff)" when there was not; that there will definitely be further "proceedings" against the Plaintiff when that was not definite; and, that the Plaintiff "needs" to call them personally thereby discouraging or prohibiting the debtor from contacting an attorney for help.

        Message 2 falsely represented the services rendered by Global Mediation Group as a mediation firm whose name is an affirmative declaration that the Defendant is not actually a debt collector but is a mediator.  However, the Defendant is a

debt collector.  And, the Defendant is not a mediator as the least sophisticated consumer would understand a mediator to be an impartial go-between who does not represent either party or actively solicit on anyone's behalf but is chosen by both parties to reach a voluntary and amicable settlement of an issue.

4.    §1692e(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Message 2 did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and in all subsequent communications Message 2 failed to state that the communication is from a debt collector.

5.    §1692g
(a)    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
(1)    the amount of the debt;
(2)    the name of the creditor to whom the debt is owed;
(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Message 2 was not followed with a written notice containing the disclosures required by §1692g.

32.    The Plaintiff and the members of both Classes have suffered damages by virtue of the violations of the law by Defendant GLOBAL and will continue to suffer those damages until the Court takes affirmative action against GLOBAL to hault said violations.

WHEREFORE, The Plaintiff and the members of both Classes, the Message 1 Class and Message 2 Class, demand trial by jury and judgment against the Defendant GLOBAL for:

1.    Statutory damages pursuant to 15 U.S.C. §1692k.
2.    Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.
3.    The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.
4.    Temporary and permanent injunctive relief prohibiting further such violations of the law.
5.    Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6.    Such other and further relief in the premises that the Court deems appropriate.


/s/      *John J.R. Skrandel*,   FL Bar #120413
Jerome F. Skrandel, PL
Counsel for Plaintiff HAROULA LARMER
P.O. Box 14759, North Palm Beach, FL 33408
Phone (561)863-1605        Email   JFSPA@MSN.COM


Plaintiff demands trial by jury.

/s/      *John J.R. Skrandel*,   FL Bar #120413        6/24/2019